UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **TRACIE NICOLE BARBER,**<br><br>      Plaintiff,<br><br>VERSUS<br><br>**WOLFGANG PUCK WORLDWIDE, INC.**; **WOLFGANG PUCK ENTERPRISES, INC.**;<br>and **W.P. APPLIANCES, INC.,**<br><br>      Defendants. | **Civil Action No.:**<br><br>**Judge:**<br><br>**Magistrate Judge:** |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

The complaint of Tracie Barber, a person of the full age of majority, through undersigned counsel, alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by **Plaintiff Tracie Barber** (hereafter referred to as "Plaintiff"), after Plaintiff was seriously injured by a Wolfgang Puck Elite Heavy Duty 7-quart Electric Pressure Cooker," which specifically includes the Model Number BPCRM040 (hereafter generally referred to as "pressure cooker(s)").

2. Defendant **Wolfgang Puck Worldwide, Inc.** (hereafter referred to as "Defendant Wolfgang Worldwide"), Defendant **Wolfgang Puck Enterprises, Inc.** ("Wolfgang Enterprises") and Defendant **W.P. Appliances, Inc**. (hereafter referred to as "Wolfgang Appliances") (collectively referred to as **"Defendants"**), (hereafter referred to as "Defendant Wolfgang Puck")

designs, manufactures, markets, imports, distributes and sells a wide-range of consumer products, including the subject "Elite Heavy Duty 7-Quart" electric pressure cooker at issue in this case.

3. On or about December 22, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

4. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## THE PARTIES

5. Plaintiff was, at all relevant times, a resident and citizen, and domiciled in the City of Jena, Parish of LaSalle, State of Louisiana. Plaintiff has resided in the City of Jena, Parish of LaSalle, State of Louisiana from the time of her injuries through the present and is therefore deemed a citizen of this state for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6. Defendants design, manufacturer, market, import, distribute and sell a variety of consumer products, including the subject "Elite Heavy Duty 7-quart" electric pressure cookers.

7. Defendant Wolfgang Worldwide is a Delaware corporation with is principal place of business at 100 North Crescent Drive, Suite 100, Beverly Hills, California 90210. Accordingly, Defendant Wolfgang Enterprises is a resident and citizen of the State of California for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8. Defendant Wolfgang Enterprises is a California corporation with its principal place of business at 11400 West Olympic Boulevard, Suite 330, Los Angeles, CA 90064. Accordingly, Defendant Wolfgang Enterprises is a resident and citizen of the State of California for purposes of

diversity jurisdiction under 28 U.S.C. § 1332.

9. Defendant Wolfgang Appliances is Florida corporation with its principal place of business at 2475 Hollywood Boulevard, Hollywood, Florida 33020. Accordingly, Defendant Wolfgang Appliances is a resident and citizen of the State of Florida for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

12. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of Louisiana and intentionally availed themselves of the markets within Louisiana through the promotion, sale, marketing, and distribution of their products.

## FACTUAL BACKGROUND

13. Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

14. Defendants tout the "safety" of their pressure cookers, and state that they cannot be opened while in use.[1]

15. For example, according to the Owner's Manual accompanying the individual unit sold, the

---

[1] See, e.g. Wolfgang Puck BPCRM040 Owner's manual, pg. 10. A copy of the Owner's manual is attached hereto as "Exhibit A".
[2] *Id.*

pressure cookers' "safety feature" purportedly keeps the lid of the pressure cooker from opening once pressurized. Specifically, the manual states that "[a]s a safety feature, the lid will not open unless all pressure is reduced."[2]

16. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

17. On or about December 22, 2020, Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed and sold by Defendants for its intended and reasonably foreseeable purpose of cooking.

18. While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns to, *inter alia*, her arms and breasts.

19. Plaintiff and her family used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendants.

20. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

21. Defendants' pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

22. Further, Defendants' representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

23. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

24. As a direct and proximate result of Defendants' intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

25. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendants' pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

### CAUSES OF ACTION
### PURSUANT TO THE LOUISIANA PRODUCTS LIABILITY ACT
### (LSA-R.S. 9:2800.52, *ET SEQ.*)

26. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27. At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

28. Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

29. Defendants, under all applicable laws including, but not limited to, the Louisiana Products Liability Act, LSA-R.S. 9:2800.52 *et seq.,* are liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

30. As a direct and proximate result of Defendants' negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering, as a result of the burn injuries she suffered from the incident.

31. As a direct and proximate result of Defendants' negligence and wrongful misconduct, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and physical disfigurement as a result of the burn injuries she suffered from the incident.

32. As a direct and proximate cause of Defendants' negligence and wrongful misconduct, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burn injuries she suffered from the incident.

33. Plaintiff's damages exceed $75,000.00 as required by 28 U.S.C. § 1332(a), and Plaintiff is entitled to recover the foregoing damages from Defendant in an amount to be proven at trial.

## JURY TRIAL DEMANDED

34. Plaintiff is entitled to and demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against The Defendants for damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

   a. judgment for Plaintiff and against Defendants;

   b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' pressure cookers;

   c. pre and post judgment interest at the lawful rate;

   d. a trial by jury on all issues of the case; and

   e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **THE GERTLER LAW FIRM** |
| Dated: November 10, 2021 | <u>/s/ Louis L. Gertler, Esq</u><br>Louis L. Gertler, Esq. (#23091)<br>935 Gravier Street, Suite 1900<br>New Orleans, LA 70112<br>(504) 581-6411<br>lgertler@gertlerfirm.com |
|  | *In association with:* |
|  | **JOHNSON BECKER, PLLC** |
|  | <u>/s/ Adam J. Kress, Esq.</u><br>Adam J. Kress, Esq.  (MN ID #0397289)<br>*Pro Hac Vice to be filed*<br>444 Cedar Street, Suite 1800<br>St. Paul, MN 55101<br>(612) 436-1800<br>akress@johnsonbecker.com |
|  | ***Attorneys for Plaintiff*** |