**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **TRACIE BARBER** | **CIVIL DOCKET NO. 1:21-CV-03928** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WOLFGANG PUCK WORLDWIDE, INC., ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

**MEMORANDUM RULING**

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 20] filed by Defendants, Wolfgang Puck Worldwide, Inc. and Wolfgang Puck Enterprises, Inc. (collectively "Wolfgang Puck"). An Opposition [Doc. 27] was filed by Plaintiff, Tracie Barber, to which Wolfgang Puck filed a Reply [Doc. 34]. For the following reasons, Wolfgang Puck's Motion is GRANTED.

**BACKGROUND**

On April 26, 2016, Plaintiff, Tracie Barber ("Barber"), filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. *In re Poole,* Case No. 16-80453, Chapter 13 Voluntary Petition [Doc. 1] (W.D. La. U.S. Bankruptcy Court). Plaintiff subsequently filed her Chapter 13 Plan on April 27, 2016, and amended her plan on August 10, 2016 (as amended, the "Plan"). *Id. at* [Doc. 5, Doc. 24]. The Plan was confirmed by the Bankruptcy Court on October 5, 2016. *Id.* at [Doc. 35].

On December 22, 2020, while still subject to the provisions of her Chapter 13 Plan, Barber alleges that, while cooking with a Wolfgang Puck pressure cooker, the lid suddenly blew off causing the contents of the pressure cooker to burst out of the pot and onto her person. [Doc. 1 at ⁋ 18]. As a result, Plaintiff suffered "severe," and

1

"disfiguring" burns to "her arms and breasts." [*Id.*].  Plaintiff retained counsel for her personal injury claim on January 27, 2021, but failed to disclose the personal injury claim to her bankruptcy trustee or amend her Chapter 13 schedules to include the claim.  [Doc. 27-4; Doc. 20-5].

Plaintiff filed a Notice of Plan Completion on September 14, 2021, [Doc. 53], and an Order discharging her debt was issued on November 4, 2021. [Doc. 55].  *In re Poole,* Case No. 16-80453, (W.D. La. U.S. Bankruptcy Court).  Six days later, on November 10, 2021, Plaintiff filed this lawsuit, alleging that her Wolfgang Puck pressure cooker was defective and unreasonably dangerous in violation of the Louisiana Products Liability Act ("LPLA").  La. R.S. 9:2800.52. [Doc. 1].  Almost five months after her debt had been discharged and this lawsuit was filed, Plaintiff's counsel in this matter sent a letter to her bankruptcy attorney inquiring as to whether the bankruptcy estate had an interest in or rights to the claims in Plaintiff's personal injury case.  [Doc. 27-4].  However, neither Plaintiff nor either of her attorneys ever notified the bankruptcy trustee of her LPLA claim against Defendants. [Doc. 27 p. 4].

Defendants filed this Motion [Doc. 20] on August 26, 2022, asserting that: (i) Plaintiff lacks standing to bring this suit because the claim belongs to the bankruptcy estate; and (ii) Plaintiff is judicially estopped from bringing this claim.  [Doc. 20-1, p. 1-2].  In response, Plaintiff argues that the Motion should be denied because genuine disputes of material fact exist regarding Plaintiff's standing and whether judicial estoppel is appropriate.  [Doc. 27].  Specifically, Plaintiff contends that by notifying

her bankruptcy attorney of the claim on March 28, 2022, and filing a motion to re-open her bankruptcy case on September 16, 2022 – the day before she filed her opposition to the instant Motion – she has taken affirmative steps to notify the trustee and re-open her bankruptcy estate.  [Doc. 27-1; Doc. 27-5].[1]

## LAW AND ANALYSIS

### I.      Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings in conjunction with affidavits and documentary evidence, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc, v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

---

[1]       Plaintiff's motion to re-open her bankruptcy case was denied by the Bankruptcy Court on October 6, 2022. *In re Poole,* Case No. 16-80453, [Doc. 71] (W.D. La. U.S. Bankruptcy Court); *see also* [Doc. 40].

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 447 U.S. at 325).  There is no genuine issue for trial — and thus a grant of summary judgment is warranted — when the record as a whole "could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.    Judicial Estoppel

In urging the Court to dismiss this matter on summary judgment, Defendants contest Plaintiff's standing to pursue her claim because of her bankruptcy filing and also contend that Plaintiff should be judicially estopped from asserting the claim. Because the Court finds that the Plaintiff is judicially estopped from asserting her LPLA claim in the instant suit, the Court need not consider the issue of standing.[2]

Judicial estoppel is "an equitable doctrine invoked by a court at its discretion … to protect the integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (citations omitted).  Specifically, it "prevents a party from assuming inconsistent positions in litigation." *In re Superior Crewboats, Inc.* 374 F.3d 330, 334 (5th Cir. 2004) (citing *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988). Judicial estoppel is generally "invoked where 'intentional self-

---

[2]      It is clearly established that a Chapter 13 debtor has a continuous and affirmative duty to disclose all assets, including any potential cause of action "even if it is 'contingent, dependent, or conditional.'" *In re Costal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999).  It is less clear, however, that post-petition causes of action always constitute property of the bankruptcy estate as a matter of law. *See, e.g., United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 766 F. App'x 38, 41-42 (5th Cir. 2019).  Because it is superfluous to the resolution of this Motion, the Court declines to decide this issue.

contradiction is being used as a means of obtaining unfair advantage in a forum

provided for suitors seeking justice.'"  *Id*. at 334-35 (quoting *Scarano v. Central R.R.*

*Co.*, 203 F.2d 510, 513(3rd Cir. 1953).

     In the context of bankruptcy, "judicial estoppel must be applied in such a way

as to deter dishonest debtors, whose failure to fully and honestly disclose all their

assets undermines the integrity of the bankruptcy system, while protecting the rights

of creditors to an equitable distribution of the assets of the debtor's estate."  *Reed v.*

*City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011).  Judicial estoppel is proper when:

(i) "the party against whom judicial estoppel is sought has asserted a legal position

which is plainly inconsistent with a prior position;" (ii) "a court accepted the prior

position;" and (iii) "the party did not act inadvertently."  *Id*.

     Applying these factors, it is clear that Plaintiff's positions in the bankruptcy

court and the instant matter are inconsistent.  Under the Bankruptcy Code and Fifth

Circuit precedent, Chapter 13 debtors have an affirmative and continuous duty to

disclose all of their assets, including "contingent and unliquidated claims."  11 U.S.C.

§ 521(1); *In re Costal Plains, Inc.*, 179 F. 3d 197, 208 (5th Cir. 1999).  When a debtor

fails to disclose a personal injury claim in bankruptcy court, it implies that no such

claim exists.  *Id*.  The Fifth Circuit has repeatedly held that filing a personal injury

suit in one court without notifying the bankruptcy court is a "'blatant inconsistency

[that] readily satisfies the first prong of judicial estoppel.'"  *Allen v. C & H*

*Distributors, L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (quoting *In re Superior*

*Crewboats, Inc.*, 374 F.3d 300, 335 (5th Cir. 1999)); *see also In re Costal Plains, Inc.*,

179 F. 3d 197, 210-11 (5th Cir. 1999) (finding a plaintiff held inconsistent positions when they did not list any claims in their bankruptcy petition but filed an "adversary proceeding" a week later); *In re Superior Crewboats, Inc.,* 374 F.3d 330, 335 (5th Cir. 1999) (holding that a plaintiff that omitted a personal injury claim from bankruptcy filings and subsequently filed a $2.5 million dollar claim in state court held inconsistent positions); *In re Flugence*, 738 F.3d 126, 130 (5th Cir. 2013) (noting failure to disclose a personal-injury claim to the bankruptcy court was "plainly inconsistent with [a] later assertion of the claim in state court.").

Here, Plaintiff had an affirmative duty under the Bankruptcy Code, Fifth Circuit precedent, *and* her bankruptcy plan[3] to inform the bankruptcy court of her personal injury LPLA claim.  [Doc. 20-4].  Plaintiff asserts that she met her burden by sending a letter to her bankruptcy attorney in March 2022 and filing to re-open her bankruptcy case in August 2022.  The Court disagrees.  Plaintiff was injured in December of 2020 and retained counsel for her personal injury claim on January 27, 2021, yet never informed the Bankruptcy Court of her claim.  As a result, when Plaintiff's debt was discharged on November 4, 2021, the Court had no notice of her claim.  Her position changed a mere six days later when she filed suit in this matter. As such, Plaintiff has clearly taken inconsistent positions.

---

[3]     The Order confirming Plaintiff's bankruptcy plan states: "In all cases in which the debtor has acquired/acquires a pre-petition or post-petition cause of action, the employment and compensation of special counsel, and the compromise of any claim, shall be approved by the Bankruptcy Court pursuant to 11 U.S.C. §§ 327-329, the filing of such pleading shall be noticed on all parties." *In re Poole,* Case No. 16-80453, [Doc. 35] (W.D. La. U.S. Bankruptcy Court).

It is likewise clear that the Bankruptcy Court accepted Plaintiff's prior position by granting the discharge of her debts.  Acceptance "does not require a formal judgment; rather, it only requires 'that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.'" *In re Superior Crewboats, Inc.*, 374 F.3d at 335 (citations omitted).  By failing to amend her bankruptcy schedule to include her LPLA claim, Plaintiff indicated to the Bankruptcy Court and the Trustee that no such claim existed.  Unaware of Plaintiff's claim and, believing that all assets had been disclosed and administered, the Bankruptcy Court and Trustee discharged Plaintiff's debt on November 4, 2021.  Thus, when the Bankruptcy Court granted Plaintiff's discharge, the Court "accepted" that Plaintiff had no undisclosed causes of action.

Finally, Plaintiff's failure to disclose was not inadvertent. To establish inadvertence, a plaintiff "'may prove either that she did not know of the inconsistent position or that she had no motive to conceal it from the court.'"  *In re Flugence*, 738 F.3d 126, 130 (5th Cir. 2013) (citations omitted).  "To prove that she 'did not know of the inconsistent position,' [Plaintiff] 'must show not that she was unaware that she had a duty to disclose her claims but that … *she was unaware of the facts giving rise to them*.'"  *Id.* (citations omitted) (emphasis added).  Here, Plaintiff cannot and does not claim that she was unaware of her inconsistent position.  Rather, Plaintiff argues that because she disclosed the existence of her claim and filed a motion to re-open her case that she has "no motive to conceal that which is already disclosed." [Doc. 27, p. 6].  The Court finds Plaintiff's argument unpersuasive.

In addressing debtors that fail to disclose a claim to their bankruptcy trustee, the Fifth Circuit has frequently held that, "[m]otivation … is self-evident because of potential financial benefits resulting from the nondisclosure." *Love v. Tyson Foods, Inc.,* 667 F.3d 258, 262 (5th Cir. 2012); *see also In re Flugence,* 738 F.3d at 131 (holding that a debtor "had motive to conceal, because [their] claim, if disclosed, would be available to the creditors."); *In re Superior Crewboats,* 374 F.3d at 335 (plaintiff "had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors."). To find otherwise would allow "debtors to 'conceal their claims; get rid of their creditors on the cheap and start over with a bundle of rights.'" *In re Superior Crewboats,* 374 F.3d at 335.

Here, similar to the fact patterns in *Love, Flugence,* and *Crewboats,* by failing to inform the Bankruptcy Court of her claim, Plaintiff placed herself in a position to "reap [a] windfall." Though Plaintiff argues she does not have a motive to conceal because she disclosed her claims, she only did so *after* her debts had been discharged. The injury giving rise to Plaintiff's claim occurred in December 2020, yet she said nothing to her bankruptcy lawyer until March 2022 – almost a year and a half after her claim arose and almost four months after her debt had been discharged. In fact, Plaintiff did nothing to notify the Bankruptcy Court of this claim until she moved to re-open her case *the day before* filing her response to this Motion. Moreover, the fact that Plaintiff hired counsel for this claim in January 2021, and waited to file her complaint until November 10, 2021, six days after her debt was discharged, is further

indicia of Plaintiff's motive to conceal her claim.  The Court therefore finds that Plaintiff did not act inadvertently in failing to amend her Chapter 13 schedules or otherwise notify the bankruptcy trustee.  Accordingly, she is judicially estopped from bringing this claim against Wolfgang Puck.

CONCLUSION

For the foregoing reasons;

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGEMENT [Doc. 20] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims in this matter are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 9th day of November 2022.

_____

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE